SYLVESTER JOHNSON, STANLEY CASSIDY AND WAYNE GODFREY, PETITIONERS-APPELLANTS, v. HOWARD YEAGER, PRINCIPAL KEEPER OF THE NEW JERSEY STATE PRISON, RESPONDENT.

Argued September 24, 1962—Decided October 1, 1962.

*Mr. M. Gene Haeberle* argued the cause for petitioners-appellants (*Mr. Curtis R. Reitz* and *Mr. Stanford Shmukler,* of the Philadelphia bar, of counsel).

*Mr. Norman Heine,* Camden County Prosecutor, argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. Defendants were sentenced to death upon conviction of murder in the first degree. We affirmed the judgments. *State v. Johnson*, 31 *N. J.* 489 (1960).

There followed a series of post-conviction applications, one of which involved a claim that a juror, Mrs. Wheeler, had failed to reveal on *voir dire* that her husband had been a victim of several holdups some 18 or 19 years earlier. Pursuant to our order, a hearing was held upon the issue thus raised, and thereafter we affirmed the trial court's order, made after a full trial of the charge, denying the application. *State v. Johnson*, 34 *N. J.* 212, 216–18 (1961). The United States Supreme Court dismissed an appeal to it for want of a substantial federal question and denied *certiorari*, 368 *U. S.* 145, 933, 82 *S. Ct.* 247, 370, 7 *L. Ed. 2d* 188, 195 (1961).

Thereafter defendants sought permission under *R. R.* 1:25A to interview the jurors with respect to the very issue which had already been fully tried, as a step preliminary to a contemplated action in the United States District Court. The trial court denied the application, and we affirmed, pointing out among other things that if the federal court saw any merit in the basic claim, *R. R.* 1:25A would not inhibit it. *State v. Johnson*, 37 *N. J.* 326, 327 (1962), *cert.* denied, 370 *U. S.* 928, 82 *S. Ct.* 1572, 8 *L. Ed. 2d* 508 (1962).

Defendants then instituted *habeas corpus* proceedings in the United States District Court asserting several bases for relief. One was a repetition of the claim revolving about the juror mentioned above, which we had fully resolved. In the federal proceedings defendants offered the affidavit of an investigator, Claude W. Hedden. The United States District Court held that defendants had not exhausted their State remedy. The court so held because Hedden's affidavit had not theretofore been presented to a court of this State. We gather that the step found not to have been pursued was an application to reopen on the ground of newly discovered evidence or some other basis which the Hedden affidavit might

be urged to reveal. Defendants thereupon made an application to the State trial court. From an order denying that application, defendants prosecuted the appeals now before us. The State moved to affirm the order.

We think the trial court properly declined to reopen the hearing. The claim that a fair trial had been denied by reason of the juror's failure to disclose her husband's experiences had been fully tried in May 1960. Defendants had the right to subpoena all of the jurors for testimony on that charge, and the record shows that five of the jurors were thus brought into court. Mrs. Wheeler had been excused prior to the conclusion of the murder trial because of illness and hence of course she did not participate in the verdict. The only question was whether, prior to being excused, she had in some way prejudiced the other jurors against defendants. As to this, Mrs. Wheeler testified that she and the other jurors had obeyed the trial court's admonition not to discuss the case, and indeed she had forgotten her husband's experiences of 18 or 19 years prior to the trial and accordingly did not mention them to anyone. Another juror testified to the same effect. Three other jurors, subpoenaed by defendants, were not placed on the stand.

The Hedden affidavit is dated May 24, 1962, two years after the hearing we have just described. Hedden says that the reason for "my non-appearance at the hearing held May 24, 1960" was that during May of 1960 when he was in the prosecutor's office in connection with the jury investigation, "I heard one of the county detectives present state to me that they would 'get you for this.' I understood this to mean that they were going to prosecute me or hound me in some way because of my participation in the jury panel investigation." The identity of the county detective was not there revealed, was not disclosed when the prosecutor at the argument below pointed to the omission, and when at the argument before us we asked counsel to identify the detective, he replied that Hedden refused to tell him who he was.

The balance of the affidavit tells of the interviews of the

jurors by Hedden. We note parenthetically that *R. R.* 1:25A relating to interviews of jurors was adopted on July 27, 1961, and hence Hedden was free to speak to the jurors without prior leave of court. In substance Hedden concludes in his affidavit that "It was and is my opinion formed as a result of observing the physical action in verbal answers of the jurors that I interviewed that they were frightened and that they had been intimidated as the result of the questions and manner of Camden County Detective Phillip Large." Whatever Hedden may have thought, the fact remains that all the jurors were subject to subpoena.

The Hedden affidavit also states that two jurors told him the case was discussed at mealtimes. The two are there identified as Mrs. Wheeler and Mrs. Conroy. They were the only two jurors placed on the stand at the hearing of May 24, 1960, and both testified that the case had not been discussed. We note the total absence of any suggestion in Hedden's affidavit that any juror said that Mrs. Wheeler had mentioned her husband's experiences or made any statement of a prejudicial nature. We note also that at the hearing on May 24, 1960, Mr. Kent, then counsel for defendants, stated that Hedden had disappeared (apparently after the hearing commenced), leaving his notes with Mr. Kent. The trial court then offered to postpone the hearing and to issue a subpoena or a bench warrant for Hedden, but Mr. Kent declined these offers, and when Mr. Kent was asked whether he believed Hedden had been intimidated, Mr. Kent said "He did not tell me that he has been threatened in any way. I do not make that implication." Mr. Kent went on to say that he had Hedden's report in which Hedden attributed a statement to one of the jurors; that the juror, who was in court under subpoena, denied having made such a statement to Hedden, and hence Mr. Kent would not place the juror on the stand.

The record indicates plainly that Hedden had made a report to Mr. Kent. We note that, although Mr. Kent took Hedden's affidavit of May 24, 1962, he did not submit one

of his own suggesting that the Hedden affidavit contains any information relating to any juror which was not in the report which Hedden delivered to him prior to the hearing of May 24, 1960.

We see nothing to suggest that any evidence was newly discovered. More importantly, we see nothing in Hedden's affidavit which could question the fairness or completeness of the trial in May 1960 of the charge revolving about Mrs. Wheeler. All that appears is a claim by Hedden that Mrs. Wheeler and Mrs. Conroy told him that the case was discussed at meals, which was contrary to their sworn testimony. There is nothing to indicate that Mr. Kent could not have made that inquiry of them while they were on the stand on the basis of the report he had from Hedden. Presumably he did not because their direct testimony necessarily embraced a denial of it. The most that the defense could then have done by calling Hedden would have been to neutralize the testimony of those witnesses in that narrow regard. There would still be nothing to suggest in the slightest that anything prejudicial occurred among the jurors. The trial court correctly denied the application.

With respect to defendants' renewed application for leave to interview the jurors, the trial court properly denied the request. As to this, we need not enlarge upon what we said in our earlier opinion referred to above.

The order is affirmed. Our mandate shall issue forthwith, and a stay therefrom is denied.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.