UNITED STATES of America, ex rel., Sylvester JOHNSON, Appellant,

v.

Howard YEAGER, Principal Keeper of the New Jersey State Prison.

UNITED STATES of America, ex rel., Stanley CASSIDY, Appellant,

v.

Howard YEAGER, Principal Keeper of the New Jersey State Prison.

UNITED STATES of America, ex rel., Wayne GODFREY, Appellant,

v.

Howard YEAGER, Principal Keeper of the New Jersey State Prison.

Nos. 14244–14246.

United States Court of Appeals Third Circuit.

Argued April 24, 1963.

Decided July 17, 1963.

Rehearing Denied in Nos. 14244, 14245 Jan. 24, 1964.

See also 327 F.2d 311.

Curtis R. Reitz, Philadelphia, Pa. (Stanford Shmukler, Philadelphia, Pa., M. Gene Haeberle, Camden, N. J., on the brief), for appellants.

Norman Heine, Camden County Prosecutor, Camden, N. J., for appellee.

Before KALODNER, HASTIE and GANEY, Circuit Judges.

PER CURIAM.

These are companion appeals to those decided today in United States ex rel. Johnson, et al. v. Yeager, 3 Cir., 311 F.2d 327. While they concern the same state convictions of first-degree murder in the course of robbery, they arise out of the denial of a different petition of the convicted men for habeas corpus, based upon a different alleged defect in their trial. The complaint here is that the trial was fundamentally unfair because one of the jurors was the wife of a man who had been a victim of armed robbery.

This matter, discovered by appellants after their conviction and unsuccessful direct appeal, was the subject of a hearing before the New Jersey trial court on a motion for new trial. Full opportunity was given the defendants to present evidence. They proved that Grace Wheeler was one of the fourteen jurors who heard the evidence at their trial. On *voir dire* she had denied that any member of her immediate family had ever been the victim of an armed robbery. In fact, Mrs. Wheeler's husband had been robbed three times some eighteen or nineteen years before the trial. Mrs. Wheeler testified that she had forgotten about these remote occurrences and that during the trial did not even advert to them, much less discuss them with any other juror.

Another juror testified that the jurors, obeying the court's instruction, had not discussed the case among themselves before it was finally submitted to them. Three other jurors had been summoned as witnesses but were not called to testify.

Finally, and most important, Mrs. Wheeler became ill shortly before the completion of the trial and was excused from further service before the court charged the jury. Thus, she was not one of the twelve jurors who actually decided the case.

The New Jersey trial court, after fully hearing this collateral attack on the conviction, credited Mrs. Wheeler's testimony and refused to grant a new trial. State v. Johnson, 1960, 63 N.J.Super. 16, 163 A.2d 593. The Supreme Court of New Jersey affirmed this decision. State v. Johnson, 1961, 34 N.J. 212, 218, 168 A.2d 1, 4, cert. denied, 368 U.S. 933, 82 S.Ct. 370, 7 L.Ed.2d 195. A subsequent petition for habeas corpus and motion for leave to present testimony and to interview jurors was also denied by the New Jersey trial court, and the Supreme Court of New Jersey affirmed this decision. Johnson v. Yeager, 1962, 38 N.J. 319, 184 A.2d 641, cert. denied, 370 U.S. 928, 82 S.Ct. 1572, 8 L.Ed.2d 508. The present petition for federal habeas corpus followed.

In United States, ex rel. De Vita v. McCorkle, 1957, 3 Cir., 248 F.2d 1, cert. denied, 355 U.S. 873, 78 S.Ct. 121, 2 L.Ed. 2d 77, we found it fundamentally unfair for a jury, one of whose members had himself been a victim of armed robbery, to be entrusted with decision whether death or life imprisonment should be the penalty for homicide during armed robbery. The present case is different in that Mrs. Wheeler did not participate in the deliberations or decision of the jury. Moreover, the courts of New Jersey found on the basis of positive uncontradicted testimony that she did not discuss the

case with her associates while she sat with the jury. No other finding would have been reasonable on the evidence and the district court properly accepted that finding in this habeas corpus proceeding.

 One other matter is urged by the appellants. The petition to the New Jersey courts asking permission for further examination of the jurors on the question of Mrs. Wheeler's influence on the jury was based on an affidavit of an investigator employed by appellants which asserted that a Camden County detective had intimidated him during his efforts to discover whether jurors had been influenced by Mrs. Wheeler and that it was his impression that some jurors had also been intimidated. However, he did not point to any competent evidence of jury intimidation. The state courts and the court below refused to reopen the matter to permit further interrogation of jurors. The Supreme Court of New Jersey reasoned that full opportunity had been afforded the petitioners to question jurors at the hearing on motion for new trial and that the investigator's affidavit did not provide any basis for believing that there had been any communication prejudicial to the petitioners between Mrs. Wheeler and any other juror. Johnson v. Yeager, supra.

We agree with the district court that due process of law did not require further examination of witnesses concerning Mrs. Wheeler's influence on other jurors after one full hearing had been granted on the matter. Even now no one has been found who will assert that Mrs. Wheeler said anything to any juror which may have influenced his decision. At most, it is the hope of appellants that further interrogation of jurors may elicit some contradiction of the direct testimony of Mrs. Wheeler and another juror upon which the New Jersey courts relied in denying a new trial. In these circumstances, the district court did not abuse its discretion in refusing to hear additional testimony.

The judgment denying this petition for habeas corpus will be affirmed.